**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1207C

(Filed: November 28, 2016)

**FILED**

NOV 2 8 2016

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| DAVID GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | Pro Se Complaint; Sua Sponte |
| ) | Dismissal for Want of |
| v. ) | Jurisdiction; Transfer; |
| ) | 28 U.S.C. § 1631 |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

David Gonzales, Lewis Run, PA, pro se.

Shari A. Rose, United States Department of Justice, Civil Division, Washington, DC, for defendant.

OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

Before the court is pro se plaintiff David Gonzalez's (plaintiff) complaint. For the reasons set forth below, plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC), and the court finds that a transfer of plaintiff's case to another federal court would be inappropriate.

I.      Background

Plaintiff is an inmate at the McKean Federal Correctional Facility in Lewis Run, Pennsylvania. Compl. ¶ 8, ECF No. 1. Plaintiff is serving concurrent sentences totaling life imprisonment for criminal convictions entered by the United States District Court for the Northern District of Ohio, see United States v. David Gonzalez (Case No. 04-cr-00328), and the United States District Court for the Western District of New York, see The United States v. David Gonzalez, (Case No. 95-cr-00010) and The United States v.

David Gonzalez, (Case No. 96-cr-00133). Compl. ¶¶ A-K (discussing plaintiff's convictions).

From plaintiff's muddled complaint, the court discerns that plaintiff is raising multiple claims under the United States Constitution, to include violations of the 4th, 5th, 6th, 8th, 9th, 10th, and 13th Amendments. Compl. in passim. He also appears to ask for the reversal of his criminal convictions. See Compl. ¶¶ 14, 15, 18, 19, 22, 23, 25, 27, 29, 31. In addition, he seems to assert various claims against personnel employed by the United States Department of Justice. Id. in passim. As relief, he seeks an immediate release from federal custody and millions of dollars in damages for the "malicious prosecution and reckless disregard for Plaintiff's Human Rights which caused the Plaintiff's current suffering by way of an invalid incarceration." See ¶¶ A-K.

II.     Legal Standards

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)); see also Metabolite Labs, Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir. 2004) ("Subject matter jurisdiction is an inquiry that this court must raise sua sponte, even where, as here, neither party has raised this issue."). "In deciding whether there is subject-matter jurisdiction, the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden, 379 F.3d at 1354 (internal quotations omitted).

Complaints filed by pro se plaintiffs are often held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see Vaizburd v. United States, 384 F.3d 1278, 1285 n.8 (Fed. Cir. 2004) (stating that pleadings drafted by pro se parties "should . . . not be held to the same standard as [pleadings drafted by] parties represented by counsel"). However, pro se plaintiffs must still meet jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Kelley v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only."). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

The Tucker Act provides for this court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). A plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir.

2004). The substantive law allegedly violated must "fairly be interpreted as mandating compensation by the Federal Government." United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

III.  Discussion

    A.  The Court Does Not Have Jurisdiction Over Plaintiff's Claims

Plaintiff asserts the court has jurisdiction over his claims because they are "founded upon the Constitution" as an "illegitimate taking of his body by force and [deprivation] of [his] unalienable liberty." Compl. ¶ 10. "[F]or all claims which set forth compensable taking of property under the Fifth Amendment for the Plaintiff's body and chattel properties," plaintiff seeks an award of monetary damages. Id.

Plaintiff misunderstands the court's jurisdiction. See 28 U.S.C. § 1491(a)(1).

Plaintiff names the United States Department of Justice as the defendant in this case. The court construes plaintiff's complaint to be directed toward personnel employed by that agency. The court, however, is without authority to adjudicate claims—such as plaintiff's—which are brought against individuals—such as federal officers. "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)). "[I]f the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011) (quoting United States v. Sherwood, 312 U.S. 584, 588 (1941)); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[C]laims against various individual officials in their personal and professional capacities cannot be entertained in this court."). Therefore, to the extent plaintiff brings claims against federal officials, the court cannot consider those claims.

Plaintiff also asks the court to reverse the criminal judgments entered against him, but the Court of Federal Claims lacks jurisdiction to modify the decisions of other courts. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . ."); Hicks v. United States, No. 10-793, 2011 WL 3319563, at *3 (Fed. Cl. Aug. 1, 2011) ("[T]he court has no jurisdiction to review the decisions of other courts . . ."); Hernandez v. United States, 96 Fed. Cl. 195, 203 (2010) ("This court does not possess jurisdiction to review decisions of other courts or the proceedings in other federal courts."), appeal dismissed, 475 F. App'x 912 (Fed. Cir. 2011). Thus, the court has no authority to grant plaintiff's request for relief from his convictions.

Further, "for this Court to have jurisdiction over constitutional . . . claims, the claims must be money mandating." Tasby v. United States, 91 Fed. Cl. 344, 346 (2010) (citing United States v. Mitchell, 463 U.S. 216, 218 (1983)). The Fourth Amendment

does not mandate the payment of money and thus does not confer jurisdiction on the court. Brown v. United States, 105 F.3d 621, 623–24 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation.").

Neither does the Fifth Amendment due process clause mandate the payment of money damages; thus it cannot furnish a basis for jurisdiction. Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Nor is plaintiff's Sixth Amendment ineffective assistance of counsel claim money mandating; therefore, it cannot be raised in this court. Turpin v. United States, 119 Fed. Cl. 704, 707 (2015); Smith v. United States, 51 Fed. Cl. 36, 38 (2001), aff'd, 36 F. App'x 444 (Fed. Cir. 2002).

Further, the court does not have jurisdiction over plaintiff's claims arising under the Eighth, the Ninth, the Tenth, or the Thirteenth Amendments as they are "not [] money-mandating provision[s]." Trafny v. United States, 503 F.3d 1339, 1340 (2007) (quoting Edelmann v. United States, 76 Fed. Cl. 376, 383 (2007)); Fry v. United States, 72 Fed. Cl. 500, 507 (2006); Johnson v. United States, 79 Fed. Cl. 769, 744 (2007) ("This court . . . cannot entertain claims brought under the Thirteenth Amendment because it does not mandate the payment of money damages for its violation."). For these reasons, the court cannot hear plaintiff's claims.

B.  Transfer of the Case to Another Court Is Not Appropriate

The court now considers whether "it is in the interest of justice" to transfer plaintiff's complaint to another court of the United States under 28 U.S.C. § 1631. See Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction). Section 1631 states in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631; see 28 U.S.C. § 610 (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade"). "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987); see id. (stating that "[f]rivolous claims include spurious and specious arguments") (internal quotations omitted). "A decision to transfer rests within

4

the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)) (internal quotation marks omitted).

Because the court is unable to discern a nonfrivolous cause of action that might receive attention on the merits in another court, the transfer of plaintiff's complaint is not in the interest of justice.

IV.    Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims. The Clerk of Court is directed to **DISMISS** plaintiff's complaint for lack of jurisdiction. The Clerk of Court shall enter judgment for defendant.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge